UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MKM, by next friend,<br>TIMOTHY MORROW, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | Case No. 4:09CV754SNLJ |
| UNION PACIFIC RAILROAD CO., | )<br>)<br>) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff has filed this personal injury lawsuit seeking damages sustained as a result of an incident wherein the minor MKM was allegedly struck by defendant's train while attempting to cross a railroad track upon which the defendant's train was located. Counts I, II, and III of the plaintiff's complaint assert various theories of negligence; Count IV asserts a claim for punitive damages (based upon the same conduct alleged in the negligence Counts I, II, and III). This matter is before the Court on the defendant's motion to dismiss Count IV (#7), filed June 16, 2009. Responsive pleadings have been filed.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(abrogating

the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id., 127 U.S. at 1974. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." Id., 127 U.S. at 1974.

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d. 1038, 1040 (8th Cir. 2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005) citing Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d. 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder.

Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n.8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations."). With this plausibility standard in mind, this Court turns to an examination of the plaintiff's complaint in relation to the prevailing law.

  At the time of the accident, plaintiff alleges that defendant had a "live" train stopped upon railroad tracks at the State Street Crossing in Scott City, Missouri. Plaintiff further alleges that while she was attempting to cross the tracks by going under the "live" train's cars, it began moving with the plaintiff trapped below it. Plaintiff sustained severe and permanent injuries to her right arm and left hand. In Count I, plaintiff alleges that defendant was negligent per se because it "knew or had reason to know, had reason to believe, or could reasonably anticipate" persons walking along or crossing the tracks. In Count II, plaintiff alleges that defendant was negligent for operating an "attractive nuisance" in that the railroad yard and tracks were located "in the general vicinity of Hawthorn Park". Plaintiff contends that defendant should have been aware that the park was frequented by children who would not "appreciate the risk of harm" of a "live" train stopped on the tracks suddenly moving "without warning or audible or visual indication that it was going to start moving". In Count III, plaintiff alleges that defendant was negligent because "defendant knew, or had information from which it could or should, in the exercise of ordinary care, have know **[sic]** that pedestrians crossed the tracks at the State Street Railroad Crossing in Scott City, Missouri, in the general vicinity of Hawthorn Park."

  Defendant contends that plaintiff has failed to plead any facts to meet the requisite elements of a punitive damages claim under Missouri law. It contends that "conclusionary assertions and formulaic recitations" are insufficient to state a claim for punitive damages. Plaintiff contend that it has plead sufficient facts to state a claim for punitive damages.

Furthermore, if the Court should decide otherwise, it should allow plaintiff to develop evidence through discovery before deciding on whether the plaintiff can make a submissible case for punitive damages. Defendant counters that if plaintiff, through additional discovery, can plead facts in support of a punitive damages claims, then plaintiff can seek to file an amended complaint.

Under Missouri law, in a negligence case, punitive damages are awarded only if , at the time of the alleged negligent act, the defendant "knew or had reason to know that there was a high probability that the action would result in injury." Alack v. Vic Tanney Int'l of Missouri, 923 S.W.2d. 330, 338 (Mo. 1996) *quoting* Hoover's Dairy, Inv. v. Mid-America Dairymen, Inc., 700 S.W.2d. 426, 436 (Mo. 1985); *see also*, Coon v. American Compressed Steel, Inc., 207 S.W.3d. 629, 637 (Mo.App. 2006). "The defendant's conduct must be tantamount to intentional wrongdoing where the natural and probable consequence of the conduct is injury. With such a showing, a plaintiff can recover for aggravating circumstances based upon the defendant's complete indifference to or conscious disregard for the safety of others." Lopez v. Three Rivers Electric Cooperative, Inc., 26 S.W.3d. 151, 160 (Mo. 2000)(internal citations omitted). To support a claim for punitive damages, there must be clear and convincing evidence in support of the claim. Lopez, at 160 *citing* Rodriguez v. Suzuki Motor Corp., 936 S.W.2d. 104, 110 (Mo. 1996). "A vague and generalized knowledge of danger is insufficient. The evidence must show that, at the time of the act complained of, the defendant had knowledge of a high degree of probability of injury to a specific class of persons." Alack, at 339 *citing* Kansas City v. Keene Corp, 855 S.W.2d. 360, 375 (Mo. 1993); *see*, Troknya, et. a. v. Cleveland Chiropractic Clinic, 280 F.3d. 1200, 1209 (8th Cir. 2002) *citing* Alack, *supra.*

When determining whether the defendant's alleged negligent conduct rises to the level of this punitive damages standard, courts look at the following factors to assist it:

> "Weighing against submission of punitive or aggravating circumstances damages are circumstances in which: prior similar occurrences known to the defendant have been infrequent; the injurious event was unlikely to have occurred absent negligence on the part of someone other than the defendant; and, the defendant did not knowingly violate a statute, regulation, or clear industry standard designed to prevent the type of injury that occurred."

Lopez, at 160 (citations omitted).

In the present case, plaintiff has failed to allege any facts which support its "vague and generalized" assertions of negligence giving rise to its punitive damages claim. Nowhere in the complaint are there any facts which show that, at the time of the accident, defendant had knowledge or reason to know "of a high degree of probability of injury" to minors, such as the plaintiff MKM. Plaintiff has not plead any facts indicating that defendant had knowledge of other similar accidents, or that defendant has violated any statute, regulation, or clear industry standard by having a "live" train on its track in its railroad yard. All plaintiff has plead is that because of the location of the railroad yard/track "in the general vicinity" of Hawthorn Park, and other unidentified "accidents involving pedestrians and its trains" defendant should have taken certain steps to prevent this accident. A park "in the general vicinity" of the railroad yard, and general references to unspecified other accidents involving pedestrians fails to provide notice to the defendant of the existence of any facts suggesting that defendant knew or should have known of the danger to a minor presented by a "live" train stopped on its track.

The Court will grant the instant motion; however, it will entertain a motion to amend the complaint if through further discovery, plaintiff believes factual support for a punitive damages

claim can be properly plead under Missouri law.[1] Furthermore, even if the Court were to allow the amending of the complaint, properly pleading a punitive damages claim is not the same as making a submissible case to the jury. Whether or not a submissible case for punitive damages exists will be addressed, if necessary, at the time of trial.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count IV (#7) be and is **GRANTED.** Count IV of the plaintiff's complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

Dated this ___27th___ day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

[1] To-date, a Rule 16 scheduling conference has not been set, and thus, no Case Management Order has yet been entered in this case. Any motion to amend would have to comply with the time limits set forth in the Case Management Order ultimately entered by the Court.